[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION OF STRIKE #104
On May 31, 1995, the plaintiffs; T. Paul Tremont and Lois Tremont, who are trustees of the Tremont Sheldon, P.C. Profit Sharing Plan, (the trustees) filed a four count revised complaint against the defendant, Thomas Yuditski. The complaint alleges that Yuditski holds certain shares of stock that belong to the Tremont Sheldon, P.C. Profit Sharing Plan (the plan). The complaint proceeds under counts of breach of contract (count one), conversion (count two), constructive trust (count three), and unjust enrichment (count four).
The complaint alleges the following facts: The Tremont 
Sheldon, P.C. Profit Sharing Plan is a qualified defined benefit pension plan under the Employee Retirement Income Security Act (ERISA). This plan is the successor to the Tremont, Yuditski 
Sheldon, P.C. Employees' Pension Plan (Tremont, Yuditski 
CT Page 10013 Sheldon plan). In 1989, Yuditski participated in the Tremont, Yuditski Sheldon plan. Before December 30, 1990, Yuditski's association with Tremont, Yuditski Sheldon ended. In February, 1991, the Tremont, Yuditski Sheldon plan and Yuditski entered into an agreement regarding the distribution of Yuditski's share of the assets in the Tremont, Yuditski 
Sheldon plan.
At the time of distribution, the Tremont, Yuditski 
Sheldon plan owned 96 units in Public Storage Properties X, Ltd. (Public Storage, Ltd.) As part of the agreement, the Tremont, Yuditski Sheldon plan agreed to assign 12 of these units to Yuditski. On February 20, 1991, the agreement of assignment and substitution was forwarded to Public Storage, Ltd.
On February 28, 1991, Public Storage, Ltd. was reorganized into a California corporation, Public Storage Properties X, Inc. (Public Storage, Inc.) The reorganization provided that for each limited partnership unit, investors would receive 25 shares of the company's stock. Therefore, pursuant to the reorganization, the Tremont, Yuditski Sheldon plan would receive 2400 shares of Public Storage, Inc. On March 11, 1991, Public Storage, Inc. issued 2400 shares to Yuditski. The trustees of the Tremont Sheldon plan have filed this action to recover 2100 shares of Public Storage, Inc. from Yuditski.
On June 15, 1995, Yuditski filed a motion to strike each count of the complaint on the ground that ERISA preempts each cause of action in the complaint. Yuditski filed a memorandum of law in support of his motion to strike. The trustees filed a memorandum in opposition to the motion, which is dated June 28, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [non-moving party]." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, CT Page 10014 the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). A motion to strike can raise the issue of ERISA preemption. See Hollis v. CIGNAHealthcare of Connecticut, Inc., 13 Conn. L. Rptr. 396 (December 5, 1994) (Blue, J.)
The parties debate whether ERISA preempts the four causes of action in the complaint. The ERISA preemption provision states:
 Supersedure . . . Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1033(c) of this title."
29 U.S.C. § 1144(a).
"The governing text of ERISA is clearly expansive. Section 514(a) marks for preemption `all state laws insofar as they . . . relate to any employee benefit plan' covered by ERISA." NewYork Conference of Blue Cross Blue Shield Plans v. TravelersIns. Co.,, 115 S.Ct. 1671, 131 L.Ed.2d 695, 705
(1995) ("New York Blue Cross"). "[A] law `relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Id., quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97,103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).
The Supreme Court has recognized that "our prior attempt to construe the phrase `relate to' does not give us much help drawing the line here." New York Blue Cross, supra, 705. The Supreme Court's solution to limiting the phrase "relates to" is to "go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." Id. 705.
When Congress passed the preemption statute, it intended
 to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with CT Page 10015 conflicting directives among States or between States and the Federal Government . . . [and to prevent] the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.
Id., 706, quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133,142, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).
This court should determine whether Connecticut law portends a multiplicity of regulation that Congress intended to avoid.[1] If Connecticut law creates a possibility of conflicting regulation, then ERISA preempts Connecticut law.
Connecticut law does not create multiplicity of regulation. Through the various causes of action, the trustees seek to recover certain assets that they claim are owned by the plan. Plans own assets. See ERISA, § 404(a) et seq. ERISA does not provide for a cause of action to recover assets. Therefore, the only way trustees can recover property which is wrongfully taken from the plan for the plan's benefit is to use state causes of action. Accordingly, Connecticut law is not preempted.
The motion to strike each count of the complaint is denied.