[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, as plan administrator of a group plan of insurance provided to its employees, sues to recover medical payments made to, or for the benefit of, the defendant, a former employee.
The parties at trial agreed that in 1991 the defendant, while a plan beneficiary, sustained accidental injuries, as a result of which the plaintiff paid medical bills of $34,220.43. It was not disputed that sometime thereafter the defendant entered into a settlement with a third party who was liable for the injuries and medical expenses the defendant incurred. Pursuant to the settlement, the third party paid the defendant an amount in excess of $34,220.43.
The plaintiff's group insurance plan (Pl. Exh. 1) provides, in part, as follows:
"Section 17.10
 No medical expense benefits shall be payable hereunder for, or on account of, any bodily injury or sickness arising from acts or omissions for which a third person may be legally liable; provided, however, that in the event a third person shall fail or refuse to make prompt payment of such damages, then the Plan shall pay such medical expense benefits as are provided in the absence of this provision, and the Plan shall thereupon be subrogated to any claim which an Insured Individual may have against CT Page 760 the liable third persons to the extent of such payments. It is further provided that if the insured Individual shall collect any sums as damages from such third persons, whether by action, settlement or any other manner, such Insured Individual shall be liable to the Plan for such payments so made by it"
(Emphasis added.)
"Section 19.07
 In the event of any payment for services under the Plan, the Plan Administrator shall, to the extent of such payment, be subrogated to all the rights of recovery of the Insured Person arising out of any claim or cause of action which may accrue because of the alleged negligent conduct of a third party. Any such Insured Individual hereby agrees to reimburse the Plan, for any benefits so paid hereunder. out of any monies recovered from such third party as the result of judgment, settlement or otherwise, and such Insured Individual hereby agrees to take such action, to furnish such information and assistance, and to execute and deliver all necessary instruments as the Plan Administrator may require to facilitate the enforcement of their rights."
(Emphasis added)
The defendant acknowledges that, prior to his accident, he received from the plaintiff a plan summary (Pl. Exh. 2) which, in part, provides as follows:
 "The Supervisor, on behalf of the Plan, shall be entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery by, or on behalf of, an Insured person to whom, or on whose behalf, such payment is made against any person or organization legally responsible for the sickness of injury which caused such payment to be made. Before any payment is made under the Plan for expenses incurred by any insured person, the Supervisor may require such insured person to execute and deliver to the Supervisor, which will provide the Supervisor, on behalf of the Plan, with the right of recovery set forth in the preceding sentence."
The defendant also admits that, when he applied for the benefits in question, he executed a Reimbursement Agreement (Pl. CT Page 761 Exh. 3) by which he acknowledged his obligation to make repayment as follows:
 In consideration of payments made under the Plan, the undersigned hereby agrees to reimburse the Administrator, on behalf of the Plan, to the extent of benefits provided, immediately upon collection of damages for personal injuries, whether by judgment, settlement or otherwise. The undersigned further agrees that he shall do nothing to prejudice such rights of the administrator.
Despite the plaintiff's demand upon him the defendant refuses to repay the benefits amount ($34,220.43) which he received under the plan.
The Employee Retirement Income Security Act (ERISA) was enacted by Congress and signed into law in 1974. The Act is "designed to promote the interests of employees and their beneficiaries in employee benefit plans." Ingersoll-Rand Companyv. McClendon, 498 U.S. 133, 137 (1990). It "sets out a comprehensive system for the federal regulation of private employee benefit plans, including both pension plans and welfare plans." District of Columbia v. Greater Washington Board ofTrade, 506 U.S. ___, 121 L.Ed.2d 513, 518 (1992).
This court has held [Connecticut Steel Corp. v. Cordova, Jud. Dist. of New Haven at Meriden, CV95-0248271 (July 5, 1995)], and continues to hold, that the plaintiff's group insurance plan was organized and established in accordance with ERISA provisions.
 A
The defendant in his post-trial brief has raised for the first time the issue of subject matter jurisdiction of this court. It is the defendant's contention that jurisdiction is exclusively vested in the federal court and that this court is not empowered to consider the plaintiff's claim.
ERISA's civil enforcement provision is set forth in29 U.S.C. § 1132. Sub-paragraph (a) of that section provides, in pertinent part, that a civil action may be brought
(1) by a participant or beneficiary. . .
(B) to recover benefits due to him under the terms of his CT Page 762 plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . [or]
(3) by a participant, beneficiary, or fiduciary
 (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or
 (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.
Courts appear to agree that the jurisdiction provision of ERISA does not provide for a civil action by one suing in the capacity of an employer; see Great Lakes Steel v. Deggendorf,716 F.2d 1101, 1102 (6th Cir. 1982); and it is dear that the plaintiff is neither a participant nor a beneficiary. Therefore, the concurrent jurisdiction of the state and federal courts which Sec. 1132 authorizes with regard to civil actions described in sub-paragraph (a)(1)(B) is unavailing to the plaintiff.
The language of Sec. 1132(a)(1)(B) makes no provision for persons other than participants and beneficiaries even to bring suit. Sub-paragraph (a)(3)(A) and (B), although granting relief to a fiduciary, speaks in terms of injunctive relief or other equitable remedies to prevent plan violations or to enforce their provisions. The instant action does not seek equitable relief, but rather damages based on a breach of contract, viz., the plaintiff's reimbursement rights as contained in the plan.
In this court's view, it is incomprehensible that Congress intended that federal courts have exclusive jurisdiction of every collection action that springs from an ERISA plan. On the contrary, "ERISA does not provide for a cause of action to recover assets [and therefore] the only way . . . [to] recover property which is wrongfully [withheld] from the plan . . . is to use state causes of action." Fremont v. Yuditski,15 Conn. L. Rptr., 144, 145 (1995). In summary and as the Supreme Court observed:
 "The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties, . . . as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes. It did not CT Page 763 go so far as to provide that any suit against such parties must also be brought in federal court when they themselves did not choose to sue."
 Franchise Tax Board of Calif. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 21
(1983).
There is no mandate which requires the instant action to be brought in a federal setting, and this court rejects the defendant's jurisdictional challenge.
 B
In its effort to standardize the rights and obligations set forth in employee benefit plans, an underlying objective of ERISA legislation, Congress enacted the preemption clause. This provision authorizes ERISA to "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described. . . ." 29 U.S.C. § 1144 (a). Obviously, it is "conspicuous for its breadth"; FMC Corp. v.Holliday, 498 U.S. 52, 58 (1990); and is necessary in that "[o]ne of ERISA's main objectives was to eliminate State regulation of employee benefit plans." NYSA-ILA Medical Clinical ServicesFund v. Axelrod, 27 F.3d 823, 826 (2d Cir. 1994). As a result, "ERISA pre-empts any state law that refers to or has a connection with covered benefit plans . . . even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand Co. v. McClendon, supra, 139.
The defendant urges that the pre-emption clause is inapposite and that as a result Sec. 52-225c of the General Statutes bars the plaintiff's recovery of benefits paid to the defendant. His argument is predicated on the fact that only self-funded ERISA plans are exempt from state law; FMC Corp. v. Holliday, supra, 61; and that the plaintiff's plan is not entirely self-funded. While, strictly speaking, the latter assertion is true, the stop-loss insurance coverage which the plan provides does not remove the plan from the self-funded category. See Tri-State Mach., Inc.v. Nationwide Life Ins. Co., 33 F.3d 309, 315 (4th Cir. 1994).
Sec. 52-225c precludes the recovery of benefits and is therefore in conflict with the reimbursement provisions of the plaintiff's ERISA approved plan. Accordingly, it is the court's finding that the plaintiff's reimbursement rights are exempt from the bar which the statute creates. CT Page 764
 C
Additionally, this court rejects the defendant's claim by way of special defense that he was somehow required to execute the Reimbursement Agreement under duress. The evidence is entirely unpersuasive and lends no support to such claim.
Likewise, the court finds that principles of subrogation law which the defendant espouses (viz., that the plaintiff lost its right of recovery by its failure timely to join the defendant in suit against the third party tortfeasor) do not bar the plaintiff's right of recovery. ERISA allows the benefit plan to "specify the basis on which payments are made to and from the plan." 29 U.S.C. § 1102 (b)(4). It is the reimbursement language of the plan which is controlling, and in this connection the plaintiff's plan is clear as to its right to recover the payments which the defendant unlawfully withholds.
Judgment may enter in favor of the plaintiff to recover of the defendant $34,220.43 plus costs.
Gaffney, J.