[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#153)
The plaintiff, Rosalinde Rejois, Administratrix for the estate of Jean Claude Boiteux, brought an action arising from the denial of employee benefits to the plaintiff's decedent from a Work Injury Compensation Plan on November 6, 1991, against the defendants, Greenwich Taxi, Inc. and Stamford Taxi, Inc. The first revised complaint was dated January 20, 1996. The defendants filed a motion to strike counts one, two, four and five of the plaintiff's complaint on February 7, 1996, on the ground that the counts are preempted by ERISA. The plaintiffs filed an objection to the motion to strike on February 21, 1996.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 4054-BBB state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215. "A motion to strike can raise the issue of ERISA preemption." Tremont v. Yuditski, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 9503211 (September 28, 1995, Hauser, J., 15 Conn. L. Rptr. 144, 145).
The defendants argue that the counts are governed by the Employee Retirement Income Security Act of 1974,29 USCS § 1001 et seq. (ERISA), which preempts most state laws relating to employee benefit plans. 29 USCS § 1144(a). The plaintiff responds that whether the plan is governed by ERISA is a question of fact to be determined by the trier of fact.
"ERISA is a remedial statute designed to protect the interests of employees in pension and welfare plans . . ., and to protect employers from conflicting and inconsistent state and local regulation of such plans." Scott v. Gulf Oil Corp.,754 F.2d 1499, 1501 (9th Cir. 1985) (citations omitted). The ERISA preemption clause declares that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USCS § 1003(a)]. . . ." Section 1003(a) provides, in pertinent part, "this title shall apply to any employee benefit plan if it is established or maintained — (1) by any employer engaged in commerce. . . ." Title 29 USCS § 1003(3) defines "employee benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, death . . ."
The Department of Labor in 29 C.F.R. § 2510.31 (j)(1987) issued regulations addressed to the requirement that the plan be "established or maintained" by an employer. Johnson v. WattsRegulator Co., 63 F.3d 1129 (1st Cir. 1995).[1] "The question of whether ERISA applies to a particular plan or program requires an evaluation of the facts combined with an elucidation of the CT Page 4054-CCC law." Id., 1132; Kanne v. Connecticut General Life Insurance Co.,859 F.2d 96, cert. denied 492 U.S. 906 (1988) ("The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person); Hansen v. Continental InsuranceCo., 940 F.2d 971, 976 (5th Cir. 1991); see also Gaiolini v.Harloc Products, Inc., Superior Court, judicial district of New Haven, Docket No. 280976 (October 26, 1990, Dorsey, J.).
The plaintiff's complaint provides that a Work Injury Compensation Plan, known as Tibbetts Enterprises, was doing business in Connecticut (¶ 7); that Boiteux entered into a lease agreement with Stamford Taxi, Inc., which provided that if injured in his duties, Boiteux would be eligible for relief under a Work Injury Compensation Plan (¶ 11); the agreement was part of an agreement with Greenwich Taxi, Inc. (¶ 12). The complaint incorporates the lease agreement and an Independent Driver/Contractor Work Injury Compensation Plan which states that "Greenwich Taxi, Inc., agrees to compensate Jean Boiteux an independent driver/contractor, under the guidelines of the Connecticut Workmen's Compensation Plan, for injury due to work related accidents." (Exhibit B).
The complaint does not contain enough information to establish whether the plan is maintained or established by the employer, the degree of control the employer exercises over the plan, and whether it falls within the exception detailed by 29 C.F.R. § 2510.31 (j)(1987), see Hansen v. Continental InsuranceCo., supra, 940 F.2d 976. Accordingly, the motion to strike is denied.
KARAZIN, J.